No. 50,403

NATIONAL EDUCATION ASSOCIATION-KANSAS CITY, KANSAS, a corporation, *Appellant and Cross-Appellee,* v. UNIFIED SCHOOL DISTRICT NO. 500, WYANDOTTE COUNTY, KANSAS, *Appellee and Cross-Appellant.*

(608 P.2d 415)

Opinion filed April 5, 1980.

*Wesley A. Weathers,* of Crane, Martin, Claussen, Hamilton, and Barry, of Topeka, argued the cause, and *Patricia R. Griffin,* of the same firm, was with him on the brief for the appellant, cross-appellee.

*James R. Goheen,* of McAnany, Van Cleave, and Phillips, P.A., of Kansas City, argued the cause and was on the brief for the appellee, cross-appellant.

The opinion of the court was delivered by

PRAGER, J.: This is a controversy between a teachers association and a school board as to whether certain items in dispute during professional contract negotiations are mandatorily negotiable. Many of the items have been resolved in our recent decisions in *NEA-Topeka, Inc. v. U.S.D. No. 501,* 225 Kan. 445, 592 P.2d 93 (1979); *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979); *NEA-Parsons v. U.S.D. No. 503,* 225 Kan. 581, 593 P.2d 414 (1979); and *Tri-County Educators' Ass'n v. Tri-County Special Ed.,* 225 Kan. 781, 594 P.2d 207 (1979). The teachers organization appealed the trial court's decision as to certain items. The school board also cross-appealed but then voluntarily dismissed its cross-appeal, because the issues raised in the cross-appeal were subsequently determined in the four cases cited.

The district court rendered its decision on May 31, 1978, without the benefit of the guidelines set down in *NEA-Topeka, Chee-Craw, NEA-Parsons,* and *Tri-County.* In a well-reasoned opinion, the court considered each of the disputed items, taking into consideration the following criteria:

(1) Whether the item is included in the definition of "terms and conditions of professional service" as set forth in K.S.A. 1977 Supp. 72-5413(*l*);

(2) Whether such item, though not specifically enumerated, was nonetheless mandatorily negotiable under 72-5413(*l*) as having a greater direct impact on the teacher than on the operation of the school system as a whole;

(3) Whether the proposal was in conflict with the management prerogative reserved to the board in K.S.A. 1977 Supp. 72-5423;

(4) Whether the proposal was currently a school board policy incorporated by reference into the teachers' contracts, and not mandatorily negotiable as a new item or amendment under 72-5423;

(5) Whether the proposal involved a subject over which the board had no discretion because of a constitutional provision, statute, regulation, or court decision which precluded negotiation thereon.

Applying these principles, the court held the following items not to be mandatorily negotiable: (1) Reproduction of negotiation agreements; (2) assignment and transfer of teachers; (3) teacher evaluation; (4) class size; (5) payroll deductions; (6) school calendar; (7) preparation time and meetings; (8) assignment and equipment storage for traveling teachers; and (9) association rights not connected with professional negotiations. Items found to be mandatorily negotiable were salary adjustment for class size, student discipline, and contract forms.

The teachers association appealed from the trial court's decision on those items held not mandatorily negotiable. As noted, the school board cross-appealed as to items held to be mandatorily negotiable but dismissed its cross-appeal. We will proceed to consider only the items which the trial court held not mandatorily negotiable which have been appealed by the teachers association to this court.

At the outset, we wish to emphasize that a determination that an item is not mandatorily negotiable does not mean that the item is not an appropriate subject for negotiation between a teachers association and a school board. The negotiating parties, in the public interest, should consider concessions which would facili-

tate the task of the other in carrying out its statutory functions where the benefit to the one is clear and there is no corresponding detriment to the other. That is the way responsible people who are in good faith act where there is a public interest in their endeavors.

We now turn to the specific items in dispute:

(1) Reproduction of agreements. This item was held mandatorily negotiable in *NEA-Topeka, Inc. v. U.S.D. No. 501*, 225 Kan. at 451. The trial court is reversed in its finding to the contrary.

(2) Assignment and transfer. This item is not mandatorily negotiable by the court's decisions in *Chee-Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. at 569, and *Tri-County Educators' Ass'n v. Tri-County Special Ed.*, 225 Kan. at 784. The trial court is affirmed on this item.

(3) Teacher evaluation. This item was held not mandatorily negotiable in *Tri-County Educators' Ass'n v. Tri-County Special Ed.*, 225 Kan. at 784. The trial court is affirmed on this item.

(4) Teacher load. Class size was held not mandatorily negotiable in *NEA-Topeka, Inc. v. U.S.D. No. 501*, 225 Kan. at 451. The subject of paraprofessional aides was held not mandatorily negotiable in *Tri-County Educators' Ass'n v. Tri-County Special Ed.*, 225 Kan. at 785. We adhere to our prior rulings on these items and, therefore, affirm the decision of the trial court as to them.

(5) Payroll deductions. This subject was held mandatorily negotiable in *NEA-Topeka, Inc. v. U.S.D. No. 501*, 225 Kan. at 451, and *Chee-Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. at 570. The trial court is reversed in its finding to the contrary.

(6) School calendar. The NEA's proposal on the school calendar included the beginning and ending dates of the school term and specific holidays and vacations stipulated by both parties to be negotiable. We have concluded that the specific beginning and ending dates for the school term are not mandatorily negotiable. This subject does not fall within any of the specific topics listed in 72-5413(*l*). Likewise, we conclude that it does not satisfy the impact test as having a greater impact on the individual teacher than on the operation of the school system. The beginning and ending dates of the school term affect not only teachers, but the students, their parents, and all nonteacher employees of the board. We hold that the trial court correctly determined that the

specific beginning and ending dates of the school term are not mandatorily negotiable.

(7) Preparation time and meetings. This item involves three specific provisions: 1. A proposal for the use of one-half day at the end of each quarter for grade card preparation and planning; 2. a proposal for a seven and one-half hour work day including 30 minutes daily preparation time without assigned duties during such period; and 3. a proposal limiting the number of monthly faculty meetings requiring attendance after the regular work day without additional compensation. We have concluded that all of these items reasonably fall within the category of "hours and amounts of work" and, therefore, are mandatorily negotiable. *Chee-Craw*, 225 Kan. at 570, held the length of day, arrival and departure time, number of teaching periods, duty-free lunch period, and no custodial work, to be mandatorily negotiable as included in the statutory item, hours and amounts of work. Logically, the same rule should apply to the three contested items listed above. We hold all of them to be mandatorily negotiable within the specific category of "hours and amounts of work." On this item, the decision of the trial court is reversed.

(8) Assignment and equipment storage for traveling teachers. Assignment and transfer of teachers falls within item No. 2 discussed above and is not mandatorily negotiable by our decisions in *Chee-Craw* and *Tri-County*. This proposal also includes classroom and storage facilities for a traveling teacher. This item reasonably falls within the category of facilities and equipment held not to be mandatorily negotiable in *Tri-County*, 225 Kan. at 785. The trial court is affirmed on this item.

(9) Association rights. This proposal involves certain association rights not previously determined in prior decisions. The specific items presented for consideration include: 1. The use by the NEA of at least one bulletin board in each school to be provided by the school board; 2. use by the NEA of school office equipment for a reasonable rental to be paid by the teachers association; 3. access to school board information concerning the district's financial resources; and 4. a provision that "the rights granted to the association shall not be granted or extended to any other organization claiming to represent employees of the district." As to the bulletin board and the rental of office equipment, we find that the trial court properly held these items not to be

mandatorily negotiable. These are merely incidental items which involve matters for the convenience of the teachers association in carrying out its functions. Both items are proper subjects for permissible negotiations between the parties.

The proposal pertaining to access to information was as follows:

*"Access to Information*

"The Board agrees to furnish to the Association, upon request, all available information concerning the financial resources of the district including but not limited to: Annual financial reports and audits, register of certified personnel, tentative budget requirements and allocations, agenda and minutes of all Board meetings, treasurer's reports, census and membership data, names and addresses of all teachers, salaries paid thereto and educational background and such other information as will assist the Association in developing intelligent, accurate, informed and constructive programs on behalf of the teachers and their students together with information which may be necessary for the Association to process any grievance or complaint."

We have concluded that the teachers organization is entitled to this information as a matter of right. This information is essential to enable the NEA to competently represent its members in negotiations. One of the principal concerns to the teachers is wages, specifically listed as mandatorily negotiable in 72-5413($l$). Without access to information concerning the district's financial resources, the associations' ability to effectively negotiate wages would be significantly impaired. Furthermore, this information should be considered public information available to interested citizens. We hold that access to information as to the district's financial resources, including the specific matters mentioned in the proposal, is not negotiable at all, for the teachers association is entitled to the information as a matter of right.

The final item proposed under association rights is a proposal for the exclusivity of rights as follows:

*"Exclusive Rights*

"The rights granted to the Association shall not be granted or extended to any other organization claiming to represent employees of the district."

It should be noted that exclusive representation by an organization is provided for by K.S.A. 1979 Supp. 72-5415 and K.S.A. 72-5416. A school board is only obligated to recognize a teachers' association for negotiation purposes under K.S.A. 1979 Supp. 72-5423. We have concluded that the subject of exclusivity has been preempted by statute and, therefore, is not a subject to be

considered as mandatorily negotiable. On this item, the trial court is affirmed.

The judgment of the district court is affirmed in part and reversed in part, in accordance with the conclusions set forth in this opinion.